1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM E. SNYDER and KIMBERLY S.
SNYDER, individually, and on behalf of their
marital community,

          Plaintiffs,

      v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY OF
BLOOMINGTON, ILLINOIS, and RYAN
WRIGHT, an individual,

          Defendants.

Case No. C07-5104 FDB

ORDER GRANTING PLAINTIFFS'
MOTION FOR REMAND

     This matter comes before the Court on Plaintiffs' Motion to Remand to Superior Court.

After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully

informed and hereby grants Plaintiffs' motion and remands this case to the state court.

## INTRODUCTION AND BACKGROUND

     On February 1, 2007, Plaintiffs filed their complaint for damages and declaratory relief in

Pierce County Superior Court of Washington naming State Farm Mutual Automobile Insurance

ORDER - 1

1  Company (hereafter, State Farm) as the only defendant.  The lawsuit arises out of a dispute as to

2  uninsured motorist coverage.  Plaintiffs' complaint alleges causes of action for breach of contract,

3  breach of the duty of good faith and fair dealing, breach of fiduciary duty, negligence, loss of

4  consortium, and violation of the Washington Consumer Protection Act.  The complaint does not

5  allege any federal causes of action.  In the prayer for relief, Plaintiffs seek general and special

6  damages, with no amount specified and an award of attorney's fees.

7        On March 6, 2007 State Farm removed the action to this Court asserting diversity

8  jurisdiction. The Notice of Removal states that "[t]he United States District Court has original

9  jurisdiction of the subject matter of this action under 28 U.S.C. §1332 because plaintiffs and

10  defendant are citizens of different states and State Farm believes that the amount in controversy

11  exceeds $75,000, exclusive of costs and interest."  Concerning the amount in controversy the Notice

12  of Removal states that "State Farm has a good faith belief that plaintiffs are seeking damages in

13  excess of the $75,000 jurisdictional amount because (1) the plaintiffs allege that the policy provides

14  up to $300,000 in coverage," and (2) in their prayer for relief, "plaintiffs ask for an award of

15  damages and full payment of insurance coverage as agreed, along with general and special damages

16  ... lost interest, lost property, loss use of money, treble damages and various other forms of damages

17  for their contract and tort claims, plus attorneys fees and costs."

18        Plaintiffs now move to remand to the state court on the basis that (1) an amendment of the

19  complaint to add a non-diverse defendant defeats the requirement of complete diversity and/or (2)

20  the amount in controversy does not meet the $75,000 jurisdictional requirement.  Plaintiffs also seek

21  an award of costs and fees incurred as a result of the alleged improvident removal.

22        Plaintiffs' state that prior to the filing of the notice of removal, State Farm was notified that

23  Plaintiffs were amending their complaint to add a necessary non-diverse party defendant.  On the

24  same day that State Farm filed notice of removal, March 6, 2007, Plaintiffs filed the amended

25  complaint adding a non-diverse defendant, Ryan Wright.  The State Farm insurance policy, which is

26  ORDER - 2

1  the basis of this action, provides that in any lawsuit against State Farm for uninsured motorist

2  coverage the insured must name the uninsured motorist as a defendant.  Mr. Wright is the at-fault

3  uninsured driver.  Plaintiffs also informed State Farm that their lawsuit does not seek an amount in

4  excess of the jurisdictional requirement of $75,000.

5                                    **MOTION FOR REMAND**

6         The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State

7  court of which the district courts of the United States have original jurisdiction, may be removed by

8  the defendant or defendants, to the district court of the United States for any district ... where such

9  action is pending."  28 U.S.C. § 1441(a).  One instance in which the district courts of the United

10  States have "original jurisdiction" is where there is complete diversity between the parties and the

11  amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  The proper procedure for

12  challenging removal to federal court is a motion to remand.  A federal court must order remand if

13  there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal

14  procedure.  28 U.S.C. § 1447(c).  The removal statutes are construed restrictively, and any doubts

15  about removability are resolved in favor of remanding the case to state court.  Gaus v. Miles, Inc.,

16  980 F.2d 564, 566 (9th Cir. 1992).  On a motion to remand, the removing defendant faces a strong

17  presumption against removal, and bears the burden of establishing that removal was proper by a

18  preponderance of evidence.  Id. at 567; Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04

19  (9th Cir. 1996).

20         **Amount in Controversy**

21         Plaintiff seeks remand on the basis that their claims do not meet the jurisdictional threshold of

22  an amount in controversy in excess of $75,000.

23         The jurisdictional minimum may be satisfied by claims of general and specific damages,

24  attorney's fees, and by punitive damages.  Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir.

25  2005); Gibson v. Chrysler Corp., 261 F.3d 927, 946 (9th Cir. 2001); Galt v. Scandinavia, 142 F.3d

26  ORDER - 3

1150, 1155-56 (9th Cir. 1998).  The removing defendant bears the burden of establishing federal

jurisdiction, including any applicable amount in controversy requirement.  Abrego Abrego v. The

Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006).  The presumption against removal

jurisdiction applies with particular force to defendant's arguments that complaint frames an amount

in controversy that exceeds the jurisdictional minimum.  Gaus, at 566; Rodgers v. Central Locating

Service, Ltd., 412 F. Supp.2d 1171, 1175 (W.D. Wash. 2006).  Where the complaint does not

specify the amount of damages sought, the removing defendant must prove by a preponderance of

the evidence that the amount in controversy requirement has been met.  Abrego Abrego, at 683;

Gaus, at 566-67; Sanchez, at 404.  Conclusory allegations by the defendant will not suffice to

overcome the traditional presumption against removal jurisdiction.  Rodgers, at 1178;  Singer v.

State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 375 (9th Cir. 1997).  Instead, the courts may look

beyond pleadings and consider other summary judgment type evidence relevant to the amount in

controversy, tested as of the time of removal.  Kroske v. U.S. BankCorp., 432 F.3d 976, 980 (9th

Cir. 2005); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  Speculative argument

regarding the potential value of the award is insufficient to establish the amount in controversy.

Gaus, at 567; Conrad Associates v. Hartford Accident & Indemnity Co., 994 F. Supp. 1196, 1198

(N.D. Cal. 1998).

State Farm's removal papers assert that "State Farm has a good faith belief that plaintiffs are

seeking damages in excess of the $75,000 jurisdictional amount ..."  Other than a restatement of the

types of claims and damages sought in the complaint, State Farm has not provided any factual

evidence supporting this statement and, therefore, has not established that it is "more likely than not"

that the amount in controversy exceeds $75,000.  See,  Valdez, at 1117 (stating that information and

belief hardly constitutes proof by a preponderance of the evidence); Gaus at, 567 (explaining that a

conclusory allegation neither overcomes the strong presumption against removal jurisdiction, nor

satisfies a defendant's burden of setting forth, in the removal petition itself, the underlying facts

ORDER - 4

1   supporting its assertion that the amount in controversy exceeds the threshold amount).

2          In response to the notice of removal, Plaintiffs filed post-removal declarations stating that the

3   amount being sought against State Farm will not meet or exceed $75,000.  Post-removal

4   declarations, stipulations or other events that reduce the amount recoverable, whether beyond the

5   plaintiff's control or the result of her own volition, do not oust a court's jurisdiction once it has

6   attached.  Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000); In re Shell Oil Co.,

7   970 F.2d 355, 356 (7th Cir. 1992); Simmons v. PCR Technology, 209 F. Supp.2d 1029, 1033 (N.D.

8   Cal. 2002).  There is a difference, however, between evidence that clarifies a complaint that

9   previously left the jurisdictional question ambiguous and evidence introduced by a plaintiff that seeks

10  to reduce, not clarify, the demand after removal.  See, Marcel v. Pool Co., 5 F.3d 81, 85 (5th Cir.

11  1993); Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D. N.C. 1996).  Here, the complaint

12  is silent as to the amount in controversy.  Thus, this Court may consider the post-removal evidence

13  to "clarify" the amount in controversy at the time of removal.  Thus, not only has State Farm not

14  provided sufficient factual evidence supporting the its belief that the matter in controversy exceeds

15  $75,000, Plaintiffs have clarified their complaint and set forth a demand that is less than the

16  jurisdictional requisite.

17         Plaintiffs are entitled to remand as the amount in controversy does not meet the jurisdictional

18  requirement.[1]

19

20

21

    _____

22         [1]If at a later time it becomes apparent through "an amended pleading, motion, order or other
    paper" that the amount in controversy exceeds $75,000, State Farm may then remove the case within
23  30 days of receiving such notice. 28 U.S.C. § 1446(b); Birkenbuel v. M.C.C. Constr. Corp., 962
    F.Supp. 1305, 1307 (D. Mont. 1997). Defendant's right to remove the case at a later time is, of
24  course, subject to the one-year limit on removal. 28 U.S.C. § 1446(b); Burk v. Medical Savings Ins.
    Co., 348 F. Supp.2d 1063, 1070 (D. Ariz., 2004).  The right of removal remains subject to the
25  requirement of complete diversity.

26  ORDER - 5

**Complete Diversity**

Plaintiffs also seek remand on the basis that Plaintiffs and the newly added defendant, Ryan Wright, are Washington citizens, and thus complete diversity between the parties does not exist.

After a case has been removed, if a plaintiff seeks to join a defendant whose joinder would destroy complete diversity, the court may deny the joinder, or allow the joinder and remand the case to state court. 28 U.S.C. § 1447(e).  In the case of a diversity-destroying amendment, the district courts in the Ninth Circuit have fashioned a list of several factors which are used in the analysis of joinder pursuant to section 1447(e). See, Boon v. Allstate Ins. Co., 229 F. Supp.2d 1016, 1020 (C.D. Cal. 2002);  IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp.2d 1008, 1011 (N.D. Cal. 2000).  The factors generally considered include (1) whether the party sought to be joined is needed for just adjudication; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.  Boon, at 1020; IBC Aviation Services, at 1011; Clinco v. Roberts, 41 F. Supp.2d 1080, 1082 (C.D. Cal. 1999).

An analysis of these factors leads to the conclusion that joinder is appropriate and that the matter should be remanded to state court.  The joined non-diverse defendant is a necessary party. State Farm's insurance policy requires that in any lawsuit for uninsured motorist coverage the plaintiff must name the uninsured motorist as an additional defendant.  There has been no significant delay in joining the non-diverse defendant.  The lawsuit was filed on February 1, 2007.  Upon discovering the necessity of joining the uninsured party, Plaintiffs notified State Farm of their intention to amend the complaint and filed the amended complaint on March 6, 2007, the same day that State Farm removed the case to this court.  Joinder of the non-diverse party cannot be considered intended to defeat federal jurisdiction where is required by the language of State Farm's

ORDER - 6

1   policy.  Whether any claims against the non-diverse defendant are valid is of no consequence where

2   it is the language of the State Farm policy that mandates the joinder of the uninsured motorist in

3   order to maintain an action against the insurer.  Denial of joinder would necessarily prejudice the

4   Plaintiffs as the policy provides that a suit cannot be maintained against State Farm without joining

5   the uninsured motorist as a named defendant.

6          The Court finds joinder appropriate and accordingly, a lack of federal jurisdiction due to the

7   existence of a non-diverse defendant in the action.  Remand is appropriate.

8                                   **AWARD OF ATTORNEY'S FEES**

9          Plaintiffs seek attorneys' fees under 28 U.S.C. § 1447(c) for bringing this Motion to Remand.

10  28 U.S.C. § 1447(c) provides in pertinent part: "An order remanding the case may require payment

11  of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

12  An award of attorney's fees under § 1447(c) is within the broad discretion of the Court. Although

13  bad faith need not be shown, the Court must undertake some review of the merits of the removal

14  petition to assess the reasonableness of the attempted removal.  Moore v. Permanente Med. Group,

15  981 F.2d 443, 446-47 (9th Cir. 1992).  As previously noted, the complaint is silent as to the amount

16  in controversy and Defendants presented no substantial factual support of an amount in controversy

17  in excess of $75,000.  More importantly, State Farm was put on notice that Plaintiffs were joining

18  the necessary party, the non-diverse defendant and it appears State Farm made a race to the

19  courthouse to file the notice of removal before Plaintiffs filed their amended complaint.  State Farm

20  was necessarily aware that its own policy language required Plaintiffs to name the non-diverse

21  uninsured motorist as an additional defendant in order to maintain this lawsuit and that this would

22  divest this Court of jurisdiction.  With this knowledge, State Farm even declined the invitation from

23  Plaintiffs to join in a stipulated order of remand.  Under these circumstances, the Court finds State

24  Farm's removal unreasonable.

25         The Court finds that an award of attorney fees would be appropriate in this instance.  The

26  ORDER - 7

1  award is necessary to further the goal of deterring improper removal.  Defendants' removal appears

2  to have been taken in bad faith, or for the purpose of harassing Plaintiffs and delaying the progress of

3  the lawsuit.

4  **CONCLUSION**

5       For the reasons set forth above, this Court lacks jurisdiction over this action.  The Plaintiffs'

6  motion for remand shall be granted.  The request for an award of attorney's fees is granted.

7       ACCORDINGLY;

8       IT IS ORDERED:

9      (1)    Plaintiffs' Motion to Remand [Dkt. #8] is **GRANTED**

10      (2)    Defendant shall pay the Plaintiffs $800.00 on or before May 11, 2007 as payment of

11          just costs and attorney fees incurred as a result of the removal.

12

13       DATED this 30th day of April, 2007.

14

15

16                 FRANKLIN D. BURGESS

17                 UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26  ORDER - 8